Good morning, Your Honor. If I may, I'd like to reserve five minutes of my time for rebuttal. Well, you only have ten, so keep that in mind. I understand. I intend to be brief. Hopefully, I will be brief. May it please the Court, I'm Mark Prever, appearing on behalf of the appellant Thai Airways International. When I think about this case, I wonder how many bites at the apple, or at the same apple, does a party get? What this case is about is a plaintiff who had a full and fair opportunity to litigate the issue of subject matter jurisdiction in the state superior court under the Foreign Sovereign Immunities Act. The plaintiff lost, and four months later, he filed an identical action in federal court. The district court, notwithstanding the state court's order dismissing the case and finding that the action was subject to the Foreign Sovereign Immunities Act and over which the court had no jurisdiction, nevertheless found otherwise. The facts of this case are rather simple. My client was sued in June of 2001, arising out of an incident that allegedly occurred in Calcutta, India. In 2003, we filed a motion to dismiss the case based on the Foreign Sovereign Immunities Act, as well as to set aside the default that had been erroneously entered. The Court granted both motions, determined that the ---- You're talking about the state court case? Correct, Your Honor. Correct. The Court granted both motions pursuant to a detailed minute order, which can be found at excerpts 54 and 55 of the excerpts of record. The notice of that ruling was given in writing and filed in the superior court. No further action was required in the case. The case had been dismissed. The ---- Four months later, in February, after the time to appeal had expired, the plaintiff filed the identical lawsuit in Federal court. The only difference was the plaintiff added the jurisdictional allegations, albeit incorrect jurisdictional allegations, since the jurisdiction over my client arose under the Foreign Sovereign Immunities Act, not under diversity of citizenship. As I indicated before, we filed a motion to dismiss that case under 12b-1, again on the basis of the Foreign Sovereign Immunities Act, and specifically raising the prior adjudication by the state court. Judge Timlin denied that motion, finding, we believe incorrectly, that the principles of res judicata do not apply to jurisdictional matters, only to the merits of the lawsuit. The law in California, and it has been this way ---- Before you go on, Mr. Perver, I frankly have a problem with appellate jurisdiction because that order of Judge Timlin is not a final order, right? Your Honor, it's not, but we briefed that issue. This is a collateral order that is made appealable. I don't have the ---- actually, it's in the brief. The brief is, the now motion to dismiss on sovereign immunity is an appealable order, but you're not appealing on sovereign immunity. You're appealing on res judicata. Well, but, Your Honor, the underlying basis of the motion to dismiss was ---- I appreciate that, but we're not going to decide any issues on sovereign immunity. We're just going to decide what we want. You're asking us to decide two things. One, does res judicata apply? And two, does the Rooker-Feldman doctrine apply? And I don't think either of those kinds of orders are appealable. Well, I would ---- well, okay, this comes as a bit of a surprise because this issue was not raised, but ---- Well, but jurisdiction is always an issue. I ---- and I appreciate that. But in this situation, the determination of the application of the Foreign Sovereign Immunities Act was the basis of the res judicata claim and ---- Well, it would seem to me under those circumstances ---- I apologize for interrupting. But it would seem to me that the substance of the appeal is as to the foreign sovereign immunities issue as it had been previously decided by ---- Are you saying that we can inquire into the substance of the sovereign immunity order to see ---- inquire whether that was correct or erroneous? I'm not sure. No. I mean, I don't believe that this ---- Well, you just said the substance of the appeal is the sovereign immunity order. So if it is, then we can inquire into the substance of that order. Well, I think that would then put you in the position of under Rooker-Feldman essentially reviewing the prior determination. Exactly. So the appeal is about either Rooker-Feldman or res judicata. And those orders are not appealable on an interlocutory basis as far as I know. Can you cite me a case that says an order denying a motion to dismiss on the basis of res judicata is an appealable interlocutory order? Your Honor, no. Well, under these circumstances, I don't have a case. But again, I would try and urge, and I understand the distinction that you're making, but the underlying motion was to dismiss under the Foreign Sovereign Immunities Act. The Court had decided, the State Court had decided that issue, and it seemed reasonable. But you're saying we can't inquire into that underlying order. Well, because the State Court made the determination already. So the appeal is not about sovereign immunity. It's about res judicata. It is about sovereign immunity to the extent that it was previously decided by the State Court. That's how I would frame it. I mean, it to ignore that this or to find that this order is not appealable would put my client and other parties like it in the inevitable position of having to litigate these issues over and over again. I mean, that's the purpose of the Court. But it's true on every, you know, res judicata, every motion to dismiss based on res judicata, whether it's sovereign immunity or not, right? No, because the sovereign immunity issue gets to the jurisdictional basis of the Court. In a more customary, I would imagine, res judicata case, you'd be dealing with a prior State Court determination in a judgment or some other matter not having to do with the jurisdiction of the Court over the subject matter of the controversy. And, yes, that's true. That's raised by affirmative defense. And the matter would have to either go to summary judgment or to trial on the merits, in which case you would then have a judgment that was fully appealable under the Federal Rules of Appellate Procedure. The – turning back to the law in this case, the law in California is that jurisdictional orders procedural – You're biting into your five minutes. Am I? All right. Two seconds. Is that – is that these types of orders are res judicata, and one of my best cases on that is MIB against Superior Court. In fact, that court relies on a 1956 decision of the Ninth Circuit in Gimm v. Brownwell to find that jurisdictional issues decided in prior proceedings are res judicata in subsequent proceedings. So the essential question in this case, I believe, is that under the full faith and And I think the simple answer to that question is no. Okay. So with that, I will submit and reserve my time. Thank you. Mr. Lopez. Good morning. May it please the Court, my name is Luis Lopez from Lopez and Morris, and I represent Plaintiff Subir Gupta. I have a curiosity. Why is it you never appealed from that State court, Superior Court? For a couple of reasons. For a couple of reasons. One, one of the reasons was that in reviewing the law, we found that it appears that the Federal court had jurisdiction, and number two, since the defendant had the – Wait a minute. Did you also find that the State court did not have jurisdiction? No. What? Okay. Go ahead. Okay. That's not what I meant. So the other reason is that since the defendant had attempted to file removal papers to the Federal court, I imagine that that's where they wanted to be anyway. So I figure, okay, well, why go ahead and either file a motion for reconsideration or appeal if in the end we want to be in Federal court, which is a forum that I would have rather be in anyway. So under those circumstances, we decided to go ahead and file the complaint in Federal court. You say that the defendant had filed removal papers in the State court action. Yes. What had happened to that? That automatically removes the case. Well, in doing a little bit of research, more specifically, what happened is that my office was served with a removal notice. However, when the matter was heard in State court, it appeared from the record in the State court that they had not received the actual notice of removal. They, meaning the court? They, the State court. Okay. Well, that's usually where it's filed, the notice. Yes. Yes. But it's my understanding. Step back a second. Okay. Once you receive notice and the petition for removal had been filed in the Federal court, are you saying that it's a jurisdictional requirement of the removal action to Federal court that the State court receive notice? That was my understanding. And that's what we argue. We argue with the court actually the contrary. With what court? With the State court. We argue that the court had no jurisdiction to hear it anymore because of the removal request. That was your position then. Yes. But the State court rejected that position. And since State court hadn't gotten notice, the removal had not been affected. Correct. That's what the State court ruled. But suppose the removal had been affected. Then the State court would have no jurisdiction. Would have no jurisdiction. And whatever order it entered would be null and void. Correct. There was never a remand order, was there? No. Well, did you receive any other, you know, any notice from the Federal court that, yes, this case has been removed, so you better get here and? No. What we didn't receive was a withdrawal of the removal request from opposing counsel. That was done after? Filed in which court? That would have been filed in the Federal court, and it was done after the ruling by the State court. Was that approved by the Federal court judge? Do you have any recollection of that? There's no record, actually. I don't have that. Not only do I have recollection, but the Federal court didn't do anything in that respect. At any rate, you didn't pursue an appeal in the State system either on the basis that the order that the Superior court made was wrong or that Superior court didn't have any jurisdiction to act? No, not specifically. We went to Federal court because we thought that Federal court also had jurisdiction. And based on the case law of Kalei v. Gray dealing with the issue of whether that was a final order or not, based that it was a motion to dismiss and it was summarily granted and the case was not tried on the merits, then we realized, okay, there's concurrent jurisdiction. Why do you say it was summarily granted? Isn't all motions to dismiss on lack of jurisdiction grounds granted after a hearing? Yes. And my — well, that's what I call summarily dismissed because there was just — there was nothing on the merits other than just the motion to dismiss. Well, that happens on all motions to dismiss. Yes, it does. I'll strike the word summarily from my mind. Go ahead. In any event, this — a correction that we need to make. Well, if we get to the merits of this case, why is it not race judicata, it meaning the determination, the order of the — of the superior court that the defendant is immune under the Foreign Sovereign Immunities Act? Okay. For two reasons, Your Honor. Number one is that, as the Court may know from the record and the law, that there's a case, MIGRA, which is a Federal case that's cited by both sides, which indicates that the issue of race judicata or issue of preclusion is set by State law, and it directs to do that. In California, the latest case that has dealt with that issue is that Kalai v. Gray case, which is a 2003 case. In that case, basically what the California law has indicated is that a case which is dismissed by a motion for summary judgment, which is not in the merits, it's basically not considered race judicata if a subsequent action is filed. And that case dealt with arbitration awards, and it was — if the Court wants to be more specific, I'm briefing that case. I can do that. But it's basically on the record. My understanding is quite different.  If it's necessary to the resolution of jurisdiction, parties are precluded from relitigating that issue. Roberts. Well, that's — I don't know what court — what case the Court is citing, but if it's citing the case that was back in 1959, I believe, which was a short case that dealt with a family law issue, maybe I can address that. But if a careful reading of Kalai v. Gray — State law decides it. Yeah. No. MIGRA states that State law decides it. Kalai, this is the California law on race judicata and issue preemption. If — there's also another case that deals with the same issues, which is a Villa v. McKnight, which is also cited by both sides. And that case also specifically states three-pronged tests, the second of which is that the matter must be tried on the merits. And it has been indicated throughout California law that if a motion to dismiss is not a determination on its merits. Your opponent says the MIB case is the most important case for his position. How do you distinguish that? Let me just check my notes. Okay. That case, I think, is very distinguishable from our situation. The MIB case dealt with four separate actions that were filed by one party. Two in State court and one in Federal court, and then the final one. And what — what that ruling in the MIB case indicates is that after two State court actions and one Federal court action that had decided there was no subject matter jurisdiction, then the fourth case also failed by the same reasoning. In my case, we don't have that situation. What we have is a situation in which the State court — That's one of them. One difference, but that's not the only difference. I believe that in the MIB case, one of the prior cases was a Federal case, okay, and two State cases. In my situation, there's a State case, and then there's a Federal case. And the — under the line of cases that we mentioned, dealing with res judicata and that the State law applies, leads us to the same conclusion, that under this scenario, this Court or the Federal court has jurisdiction to hear this case. I wanted to make — I'm running out of time, so maybe I'll wait and I'll reserve my last minute to rebuttal. Well, he gets rebuttal. I don't. I understand. I'll go on. He gets no rebuttal. I think that even though the Court has not mentioned too much about the issue of the Ruker-Fellman doctrine, I believe that it's just clearly inapplicable in this case. There is a very limited doctrine that it's — again and again, even in the latest case of ExxonMobil, indicates that it's very limited and doesn't apply to this situation. One correction on the facts is that my client was not flying from Calcutta. He was actually in Bangkok at the time when the incident happened. Okay? All right. Not that it makes a difference. Thank you, Your Honor. Counsel, you have, I believe, two and a half minutes or two minutes. Thank you, Your Honor. I want to address a couple things. One is that there is nothing in this record with respect to this case being removed. You're right. There is not. Okay. It came as a complete surprise to me. So — and the fact of the matter is the case was not removed. So the State court had jurisdiction at all times. All those facts which Mr. Lopez referred to are outside the record. Outside of the record, Your Honor. Okay. Next. With respect to the race judicata issue, SURE has never been overruled. SURE is a California Supreme Court case. It doesn't — and MIB is based on SURE. The principle of the finality of litigation would simply evaporate if, on jurisdictional motions, parties were able to simply relitigate those issues over and over and over again. And the MIB court — I don't know why the case won as many times as it did, but it had to do with personal jurisdiction. It was litigated too many times. All the plaintiff did was keep changing the facts and the cause of action. Do you see any difference, any distinction between race judicata as to personal jurisdiction and as to subject matter jurisdiction? I don't really, Your Honor, because on the motion to dismiss for lack of subject matter jurisdiction, my client had to make a factual showing that it was qualified as a foreign sovereign. Under the Foreign Sovereign Immunities Act, then the burden fell to the plaintiff, the opposing party, to demonstrate facts that showed that the claim either fell within one of the exceptions, commercial activity or otherwise, or that some other basis on which jurisdiction could be exercised in the United States was appropriate. All right. Counsel, and I address you both when I say that. In view of the questioning which you've received as to whether this is indeed an appealable order or not, the court would be advantaged if you would submit letter briefs simultaneously within 20 days of today addressing simply and only the issue of whether this order of the district court denying a motion to dismiss under Section Rule 12b-1 is an appealable order under the circumstances of this case. And please, when I talk about circumstances of this case, I mean circumstances of this case that are of record. Correct. Not extra record circumstances. All right. Thank you very much. Thank you, Your Honor. The matter is deferred in its submission until we receive those briefs. All right. How many original and three copies, Your Honor, of the letter briefs? Original and three copies, Judge Tsushima. So, yeah. That will be fine. Thank you.
judges: Siler, Tashima, Bea